UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ANDREW LEISE,
    Plaintiff,

v.                                                            Civil Case No.: 2:22-cv-9

VERMONT HUMAN RIGHTS COMMISSION;
KEVIN CHRISTIE; BOR YANG;
DA CAPO PUBLISHING, INC.;
JOHN AND JANE DOE I-X
    Defendants.

### AFFIDAVIT OF JOSHUA CLEMMONS

I, Joshua Clemmons, declare:

1. I am a resident of Vermont, and Lydia Clemmons is my sister. I was involved in some of the encounters with the Vermont State Police (VSP) in Fall 2017 when my sister and I were trying to deal with a tenant, Gregory Barreda. Based on my observations, I do not believe there was racism by the State Police, including Cpl. Andrew Leise.

2. The challenge in dealing with the tenant was not through any failings by the State Police or local police agencies, but the laws in Vermont to deal with someone who suffered from mental health issues. Casting that situation as a landlord-tenant dispute may not have been the optimal way to look at it, but there really was no other. There was a high level of frustration with the situation, and I believe the State Police were equally frustrated, if not more so because there was nothing they could do other than have us evict the tenant. The tenant was arrested several times and then released.

3. I was not with my sister during all her interactions with the VSP, but based on the ones in which I was present, I believe the troopers were trying to de-escalate the situation. The first time I met Cpl. Leise was during an incident when my sister had scheduled an event in a common area, and the tenant had many of his things there. Cpl. Leise said he would help the tenant move everything upstairs, and I thought that was outstanding and it solved the problem that day. I was really impressed that Cpl. Leise took the time to do that work, which in my opinion was outstanding conduct.

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

4. I have listened to the audio recordings of other encounters involving my sister, the tenant, and Cpl. Leise, and my impression was that Cpl. Leise used the tool or technique to make the tenant feel like he had an ally or someone who listened to him, and this approach worked. I do not believe that Cpl. Leise acted in a racist or discriminatory manner with my sister or me.

5. When I consider the conduct of VSP, what I see uniformly is an effort to contain the situation and prevent something untoward from happening. I did tell the Human Rights Commission (HRC) investigator, Nelson Campbell, for whom I have a good deal of respect, that I disagreed with my sister's analysis that the police were racist, and I did not believe there was any evidence of racism. I never felt I had a negative interaction with the VSP. The gentleman we hired to help us with security with the tenant, is black, and he never told me he felt there was racism by VSP or Cpl. Leise in his interactions with them.

6. My sister engaged in fund raising over her complaint against VSP and Cpl. Leise. Kiah Morris stayed at the Farm property for a while, and my sister made the comment to me more than once that she (my sister) should be able to leverage the situation with VSP as Kiah did in Bennington with the police. My sister was able to secure a donation of $50,000 which funded a temporary relocation and the security firm we hired. My impression was that my sister wanted to leverage the moment as one of the police not protecting a black family.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 11, 2022.

*JClemmons*
Joshua Clemmons

ry Shahi & Aicher
110 Merchants Row
Post Office Box 6740
utland, VT 05702-6740

(802) 775-8800