

STATE OF VERMONT
WASHINGTON COUNTY, SS.

FILED
2003 AUG 12 A 8:42

| | |
|---|---|
| NEAL BESSER,<br>  Plaintiff,<br><br>  v.<br><br>VERMONT HUMAN RIGHTS<br>COMMISSION,<br>  Defendant. | Washington Superior Court  SUPERIOR COURT<br>Docket No. 90-2-03 Wncv  WASHINGTON COUNTY |

### Decision on the Commission's Motion to Dismiss

Plaintiff Near Besser filed a complaint with the Vermont Human Rights Commission making certain allegations against two restaurants. The Commission did not accept Mr. Besser's complaint for investigation, asserting that the complaint did not contain sufficient evidence of unlawful discrimination. After subsequent attempts to have the Commission accept the complaint for investigation, Plaintiff filed this lawsuit against the Commission seeking compensatory damages of $45,000 and an order directing the Commission to accept his complaint for investigation. The Commission then filed a motion to dismiss, which the Court now grants, asserting that sovereign immunity bars Plaintiff's claim. Plaintiff appears pro se; the Commission is represented by Harvey Golubock, Esq.

The Commission has jurisdiction to "investigate and enforce complaints of unlawful discrimination . . . ." 9 V.S.A. § 4552(b). Every complaint filed with the Commission must be reviewed by staff. 9 V.S.A. § 4554(a). "If a complaint states a prima facie case, it may be accepted for investigation." Id. (emphasis added). Any complaint at any time determined to not contain a prima facie case must be dismissed. 9 V.S.A. § 4554(b).

Plaintiff disagrees with the Commission's decision to not accept his complaint for investigation. Plaintiff argues that though the Commission rightfully may refuse to accept a frivolous complaint, it is required by statute to accept a meritorious complaint such as his.

Even assuming that Plaintiff's complaint to the Commission is meritorious, section 4554 unmistakably grants discretion to the Commission to determine which complaints it will accept for investigation. Section 4554 does not qualify that discretion. Administrative decisions to enforce generally are presumed to be based on valid policy considerations. The United States Supreme Court, rejecting an administrative appeal from a decision of the FDA to not enforce, cited the following reasons, among others, why an agency needs this type of discretion:

> First, an agency decision not to enforce often involves a complicated balancing of a number of factors which are peculiarly within its expertise. Thus, the agency

must not only assess whether a violation has occurred, but whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all. An agency generally cannot act against each technical violation of the statute it is charged with enforcing. The agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities.

Heckler v. Chaney, 470 U.S. 821, 831-32 (1985). The Court ruled that the plaintiffs had not overcome the presumption against reviewability as there were no statutory standards to provide a basis for review. In this case, the statute deliberately grants the Commission broad discretion in selecting cases for investigation, even if a complaint states a prima facie case. This reflects a legislative intent against judicial reviewability of decisions.

Moreover, claims against the State for discretionary decisions, such as in this case, are barred by the doctrine of sovereign immunity even when the discretion is in fact abused, because they are presumed to be based on policy considerations. 12 V.S.A. § 5601(e)(1); Searles v. Agency of Transportation, 171 Vt. 562 (2000) (mem.) (discussing the discretionary function exception and applying United States v. Gaubert, 499 U.S. 315 (1991)).

### Order

For the foregoing reasons, the Commission's Motion to Dismiss is *granted*.

Dated at Montpelier, Vermont this 8th day of August, 2003.

                                                    Mary Miles Teachout
                                                    Superior Court Judge