UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ANDREW LEISE,<br> Plaintiff<br><br>   v.<br><br>VERMONT HUMAN RIGHTS<br>COMMISSION, KEVIN CHRISTIE,<br>BOR YANG, DA CAPO PUBLISHING,<br>INC., JOHN AND JANE DOE I-X,<br> Defendants | )<br>)<br>)<br>)   Case No. 2:22-cv-9<br>)<br>)<br>)<br>)<br>)<br>) |

RESPONSE TO MOTION TO FILE FIRST SUPPLEMENTAL AMENDED COMPLAINT

Preliminary Statement

Trooper Leise's ("Leise") third attempt to state a claim cannot overcome the fundamental defects to his case against Seven Days. Seven Days reported neutrally on an official governmental decision against another governmental agency. Leise makes no new allegations that address the privileges that protect the need for this type of reporting in a democracy. Given his repeated failures to address these privileges, his Motion to File First Supplemental Amended Complaint ("Motion to Amend") shows why the Court should dismiss his complaint with prejudice. First, his Motion to Amend does not and cannot address the fair report privilege, the neutral report privilege, actual malice, and the privileges of the Vermont Constitution. As Leise's proposed amendment makes clear *__again__*, he can allege no facts that take the article outside of these privileges. Second, his Motion to Amend shows that he cannot point to any specific statement in the article that accuses him of being a racist. Moreover, if Leise could identify any statement that had said that he was a racist, that statement would be a constitutionally protected opinion. That Leise has failed to identify any specific alleged

defamatory statement even though he has had three attempts to do so strongly weighs in favor of dismissal with prejudice.

Filing repeated motions to amend also highlights the Supreme Court's observation about how defense costs raise the specter of chilling free speech. "Fear of large verdicts in damage suits for innocent or merely negligent misstatement, even fear of the expense involved in their defense, must inevitably cause publishers to steer * * * wider of the unlawful zone. . . ." *Time, Inc. v. Hill*, 385 U.S. 374, 389-90 (1967) *quoting New York Times v. Sullivan*, 376 U.S. at 379 (emphasis added). The repeated filing of amendments also inhibits the ability of the court to use its resources efficiently. The information about Laura Clemmons has existed since 2017. It could have been raised in the prior motion to amend the complaint. That would have allowed the Court and the parties to discuss this issue at the hearing on the motion to dismiss. It ultimately makes no difference to the defenses that Seven Days raises, but the Court and Seven Days must expend additional resources when addressing Mr. Leise's repeated requests.

Whatever the Court decides to do with the proposed supplement, the Court should dismiss the operative complaint with prejudice. None of the complaints that Leise has offered can overcome the legal deficiencies his claims face.

<u>New Allegations</u>

Leise makes two types of new allegations. First, Leise has apparently now talked to Laura Clemmons, Dr. Lydia Clemmons's sister. Laura shares the view of her brother that Dr. Lydia Clemmons uses her race to her advantage. Proposed First Amended Supplemental Complaint ("<u>PFASC</u>") ¶¶ 8, 60, 102, 124. Leise also alleges that he did not receive a specific job offer because of the HRC decision. The e-mail that he attaches to his motion shows that it is the HRC decision alone that is causing any alleged harm to Mr. Leise. The e-mail states: "Due

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 2 -

to the VHRC findings, we will not be moving forward with your request for employment with UVMMC." Ex. A to Motion to Amend.

Argument

I. THE COURT CAN DISMISS A COMPLAINT WITH PREJUDICE AFTER THE COURT HAS GIVEN THE PLAINTIFF ONE OPPORTUNITY TO AMEND.

When the plaintiff attempts multiple times to amend a complaint and fails multiple times to cure the defects to the Complaint, the Court may dismiss the Complaint with prejudice. *Sprague v. Salisbury Bank and Trust Company*, 969 F.3d 95, 101 (2020).  In *Sprague*, the Second Circuit affirmed the District Court's dismissal of plaintiff's complaint with prejudice and the denial of plaintiff's second attempt to amend his complaint.  The Court said:  "The district court did not err in dismissing with prejudice here.  Although Appellants suggested that their "pleading [could] be amended with ease," [], nothing in Appellants' proposed second amended complaint corrected the deficiency."  *Id.*  The Court also noted that "'[R]epeated failure to cure deficiencies by amendments previously allowed' is a valid reason to deny leave to amend."  *Id.* (citations omitted).

Seven Days's opposition to Leise's last motion to amend highlighted that he had failed to allege facts to overcome various privileges.  Doc. 55 at 2-3.  Despite his knowledge of these defects, Leise has offered no new allegations in his proposed First Amended Supplemental Complaint that address the defects.  The *Sprague* Court has recognized that a District Court is well within discretion to dismiss the case with prejudice when presented with circumstances like the circumstances of this case.



II.     THE AMENDMENT FAILS TO OVERCOME A NUMBER OF PRIVILEGES.

Although the Court should grant leave to amend liberally, the Court may deny leave to amend when the amendment would be futile. *Thea v. Kleinhandler*, 807 F.3d 492, 496-97 (2d Cir. 2015); *IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. Royal Bank of Scotland Group, PLC*, 783 F.3d 383, 389 (2d Cir. 2015). If the amended complaint cannot withstand a motion to dismiss, it is appropriate to deny leave to amend. *Id.*

Leise's proposed First Amended Supplemental Complaint fails to address the protection that the fair report and neutral report privileges provide. Nor could it. To determine whether the fair report privilege applies the Court need only compare the article against the HRC decision. Nothing in the proposed First Amended Supplemental Complaint alters the ability of the Court to make this comparison, nor conclude that the article is an "accurate and complete or a fair abridgement of the occurrence reported." Mot. to Dismiss, Doc. 12 at 19-20. Likewise, the proposed First Amended Supplemental Complaint adds nothing to show that Seven Days did not provide "accurate and disinterested reporting" under the neutral report privilege on the HRC report. Doc. 12 at 17. The Court can still see that the article had quotes from both the HRC and the Vermont State Police. Leise's proposed amended supplemental complaint also fails to propose new allegations that would take it out of the protection offered by the Vermont Constitution. Vermont's Constitution protects reporting on official governmental action.

As to the actual malice standard from *New York Times v. Sullivan*, 376 U.S. 254 (1964), Leise fails to offer any new allegations that would make out a plausible case of actual malice. Laura Clemmons expressly acknowledges that she was not involved in the incidents at all: "I was not present during any encounters involving Lydia Clemmons and the State Police regarding the landlord tenant dispute with Mr. Barreda." Exhibit B at ¶ 2. Thus, with her admitted lack of knowledge, Laura's views about her sister are remote from whether the author of the article had



gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 4 -

any subjective reason to question the truth or falsity of the contents of its article.  *See* Doc. 36 at 16-17.  Seven Days's article itself presented a nuanced report on the findings of the HRC; it provided the extensive criticism of the Department of Public Safety about both the contents of the HRC report and the manner in which the HRC reached its decision.  *See* Doc. 12 at 23-24.  Leise simply cannot maintain a plausible case of actual malice give the actual contents of the article of which the Court can take judicial notice.

III.     THE AMENDMENT STILL FAILS TO ALLEGE ANY FALSE STATEMENT.

Despite being aware that he needs to allege a specific false statement, Leise still fails to allege one.  *See* Doc. 55 at 3-5.  "[A] plaintiff who sues for defamation must set out the alleged defamatory statement in his complaint."  *Miller v. Central Indiana Community Foundation, Inc.*, 11 N.E.3d 944, 956 (Ind. Ct. App. 2014).  "There is sound reason for this policy, as the absence of a statement in the complaint works a detriment on both the court and the defendant.  The court is handicapped without the statement since, without it, the court cannot actually determine if the statement is legally defamatory."  *Id. citing Journal–Gazette Co. v. Bandido's Inc.,* 712 N.E.2d 446, 457 (Ind.1999); *see also Reed v. Scheffler*, 218 F.Supp.3d 275, 282 (D.N.J. 2016) ("Even though plaintiff generally alleges that all of Scheffler's statements were false, plaintiff does not specifically allege in his complaint that the fact portions of Scheffler's statements were not true."); *Wesbrook v. Ulrich*, 90 F.Supp. 3d 803, 808 (W.D. Wis. 2015) ("As an initial matter, the allegations are too vague and conclusory as to the actual content of the alleged defamatory statements."); *Squitieri v. Piedmont Airlines, Inc.*, No. 3:17CV441, 2018 WL 934829, *5 (W.D.N.C. 2018) ("To the extent Plaintiff's defamation/libel per se claims rely on other statements, Plaintiff fails to specifically identify them.") *see also* Doc. 12 at 15.

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

This case shows the importance of alleging the specific allegedly defamatory words. Leise is attempting to make out a case that Seven Days said that Leise was a "racist." Seven Days never said that. But if Seven Days had said that, that statement is a constitutionally protected opinion. *Stevens v. Tillman*, 855 F.2d 394, 402 (7th Cir. 1988) ("Accusations of "racism" no longer are "obviously and naturally harmful." The word has been watered down by overuse, becoming common coin in political discourse."); *Squitieri v. Piedmont Airlines, Inc.*, No. 3:17CV441, 2018 WL 934829, *4 (W.D.N.C. 2018) ("Statements indicating that Plaintiff is racist are clearly expressions of opinion that cannot be proven as verifiably true or false."); *Edelman v. Croonquist*, No. 09–1938 (MLC), 2010 WL 1816180, *5-*6 (2010).

The First Amendment of the United States Constitution protects statements of pure opinion. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19 (1990). "Foremost, we think *Hepps* stands for the proposition that a statement on matters of public concern must be provable as false before there can be liability under state defamation law, at least in situations, like the present, where a media defendant is involved." *Id.* This Court has recognized the United States Constitution protects statements of opinion. *Soojung Jang v. Trustees of St. Johnsbury Academy*, 331 F. Supp. 3d 312, 345-46 (D.Vt. 2018); *Knelman v. Middlebury College*, 898 F. Supp. 2d 697, 720 (D.Vt. 2012). The determination of whether a statement is an opinion is a question of law for the Court. *Id.*

Leise's failure to set out specific language is likely deliberate because the three statements that Seven Days made about him are true. They are based on the official report from the HRC. Seven Days expressly noted that they came from the HRC decision. Mot. to Dismiss at 5, Doc. 12. The HRC report noted that the statements came from the body camera and dashcam footage and an e-mail that Leise wrote. Doc. 12, Exhibit 2 at 20 ("There was the

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 6 -

dashcam/bodycam video and audio recording, which provided an insight into the content of the conversation between the parties, as well as the tone and attitude of each."); *see also id.* ("This investigation was able to review some of visual footage while the parties were outside of the Barn House, but most of the recording was audio only.  Since time stamps are included for reference in the body of the report, they will not be footnoted."); *see also id*. at 24.  Because the three statements were based on the report and because the report quotes and cites bodycam/dashcam video and an e-mail authored by Leise, Leise cannot prove that any factual content is false.  Left with no real claim of defamation, Leise attempts to obscure the issue by claiming, without a basis, that the Seven Days article somehow called Leise a "racist."  By failing to tie the accusation to specific language, Leise is hoping to avoid, among other things, the constitutional protection of opinions.  Without specific language that is allegedly defamatory, the Court cannot analyze whether the specific language qualifies as an opinion.  *Knelman*, 898 F. Supp. 2d at 721.  The Court should reject this attempt to evade the requirements of stating a defamation claim and to evade the analysis of whether a statement is a constitutionally protected opinion.

IV.     THE NEW ALLEGATIONS SHOW THAT THERE IS NO PLUS TO LEISE'S LIBERTY PLUS CLAIM.

Leise's new allegations show that he is suffering his alleged damage because of the HRC decision itself.  In the communication to Leise, UVM Medical Center said:  "Due to the VHRC findings, we will not move forward with your request for employment with UVMMC."  Ex. A to Motion to Amend.  The Medical Center cited no other reason.  Thus, these allegations make clear that Leise cannot make out the "plus" of the liberty plus claim and cannot make out that the plus caused his alleged damages.



Plaintiffs' interest in protecting their reputation from defamation "is neither 'liberty' nor 'property' recognized by state or federal law." *Idema v. Wager*, 29 Fed. Appx. 676 (2d Cir. 2002) *citing Paul v. Davis,* 424 U.S. 693, 712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).  Leise attempts to avoid this conclusion by trying to allege a "stigma plus" liberty interest claim.

To allege a stigma plus claim, the plaintiff must allege that "(1) the utterance of a statement about her that is injurious to her reputation, 'that is capable of being proved false, and that he or she claims is false,' and (2) 'some tangible and material state-imposed burden ... in addition to the stigmatizing statement.'"  *Velez v. Levy,* 401 F.3d 75, 87 (2d Cir. 2005).  "[T]he 'plus' imposed by the defendant must be a specific and adverse action clearly restricting the plaintiff's liberty—for example, the loss of employment . . . or the 'termination or alteration of some other legal right or status.'"  *Id.* at 87-88 (internal citation omitted).  "By contrast, our precedent instructs that a plaintiff's temporary suspension from work does not constitute an adequate "plus" factor if the plaintiff suffers no financial loss."  *Waronker v. Hempstead Union Free School Dist.*, 788 Fed.Appx. 788, 794 (2d Cir. 2019)(being placed on administrative leave with pay is insufficient).  The "stigma" and the "plus" must be "sufficiently proximate."  *Velez,* 401 F.3d at 89.  The availability of a post-deprivation name clearing hearing also defeats a stigma plus claim.  *Velez,* 401 F.3d at 90-91.  It does not matter if the plaintiff actually avails himself of the opportunity, the existence of the remedy is sufficient.  *Anemone v. Metropolitan Transp. Auth.,* 629 F.3d 97, 121 (2d Cir. 2011).

A liberty plus claim requires the identification of a "statement."  As discussed above, Leise still fails to identify a statement.  In addition, Leise still fails to identify any "plus" – a "tangible and material state imposed burden" – for his stigma plus claim.  As a result, Leise also

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 8 -

fails to identify how the "stigma" and the "plus" are "sufficiently proximate" to make out a stigma plus claim.

## Conclusion

Leise's proposed First Amended Supplemental Complaint does not cure the significant problems that he has in stating a claim against Seven Days. The Court should deny him leave to amend and dismiss the case with prejudice.

Dated:   Burlington, Vermont
         July 25, 2022

      /s/ Matthew B. Byrne
Matthew B. Byrne, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P.O. Box 369
Burlington, VT  05402-0369
(802) 658-0220
mbyrne@gravelshea.com
For Defendant Da Capo Publishing, Inc.
d/b/a Seven Days

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont  05402-0369
A PROFESSIONAL CORPORATION

- 9 -