# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF VERMONT

ANDREW LEISE,
      **Plaintiff,**

v.                                         Civil Case No.: 2:22-cv-9

VERMONT HUMAN RIGHTS COMMISSION;
KEVIN CHRISTIE; BOR YANG;
DA CAPO PUBLISHING, INC.;
JOHN AND JANE DOE I-X,
      **Defendants.**

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL FIRST AMENDED COMPLAINT

NOW COMES plaintiff, Andrew Leise, by and through his attorneys, Cleary, Shahi & Aicher, P.C., and respectfully submits this Reply in support of his motion for leave to file a Supplemental First Amended Complaint. (Doc. 58). This Reply addresses Da Capo's Opposition (Doc. 60) and HRC's Opposition (Doc. 61).

The defendants' Oppositions raise the same strawman argument advanced against plaintiff's motion to file the First Amended complaint, that the proposed amended pleading is intended to address a nonexistent defect in the complaint. Apparently the defense believes there is an advantage to repeating the arguments raised in their motions to dismiss and replies. The purpose of the proposed amended pleadings is not to remedy a nonexistent defect in the complaint, but bring forth additional relevant allegations. The futility argument is therefore misplaced. The defendants do not contend bad faith or undue delay, the cornerstone of the test for the liberal application of leave to amend. "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

nonmovant of prejudice or bad faith." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010).

The defendants can try to debate the weight or impact of the developments which both took place after the filing of the complaint, *namely,* the July 1, 2022, declination of employment by UVMMC, and the July 11, 2022, declaration of Laura Clemmons under oath that her sister, Lydia Clemmons, weaponizes race. But that debate should be left for the trial. Defendants contend that if Laura Clemmons was contacted before the complaint was filed, she would have offered the same opinion. But she was not contacted before filing suit, and the timing of the expression of her opinion post-filing suit does not change because the events that support her opinion predated this suit.

For these reasons, the motion should be granted.

Dated this 5th day of August 2022.

Respectfully Submitted,


/s/ *Kaveh S. Shahi*
Kaveh S. Shahi, Esq.
Cleary Shahi & Aicher, P.C.
PO Box 6740
Rutland, Vermont 05702
(802) 775-8800
kss@clearyshahi.com
ATTORNEYS FOR PLAINTIFF