UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ANDREW LEISE,
    Plaintiff,

v.                                      Civil Case No.: 2:22-cv-9

VERMONT HUMAN RIGHTS COMMISSION;
KEVIN CHRISTIE; BOR YANG;
DA CAPO PUBLISHING, INC.;
JOHN AND JANE DOE I-X
    Defendants.

## PLAINTIFF'S MOTION FOR CERTIFICATION OF DEFENDANTS CHRISTIE AND YANG'S APPEAL AS FRIVOLOUS

NOW COMES plaintiff, Andrew Leise, by and through his attorneys, Cleary, Shahi & Aicher, P.C., and respectfully moves for certification that the appeal filed by defendants Christie and Yang for review of the denial of their motion to dismiss on the grounds of qualified immunity, is frivolous.

It is well settled in this Circuit that "[a]n immediate appeal under the collateral order doctrine is not available where material facts are in genuine dispute." *In re World Trade Ctr. Disaster Site Litig.*, 469 F. Supp. 2d 134, 138-39 (S.D.N.Y. 2007) citing *Papineau v. Parmley*, 465 F.3d 46, 54 (2d Cir. 2006); *Salim v. Proulx*, 93 F.3d 86, 90 (2d Cir. 1996). There is no question that this Court's ruling on qualified immunity was premised on a factual question that requires discovery. As this Court explained:

> "While 'a defense of qualified immunity should ordinarily be decided 'at the earliest possible stage in litigation,' it is appropriate to delay a decision where further discovery is necessary." *Rodriguez v. Warden, Metro. Corr. Facility,* 2015 WL 857817, at* 16 (S.D.N.Y. Feb. 27, 2015) (quoting *Castro* v. *United States,* 34 F.3d 106, 112 (2d Cir. 1994)) (internal citation omitted). Whether the Investigative Report was part of VHRC's

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

> "investigative file" and whether "every reasonable official would 'understand that" releasing the Investigative Report was "unlawful[,]" *Dist. of Columbia* v. *Wesby,* 138 S. Ct. 577, 589 (2018) (internal quotation marks omitted), are not apparent from "the face of the complaint[.]" *Conopco, Inc.* v. *Roll Int'l,* 231 F.3d 82, 86 (2d Cir. 2000). If the Investigative Report was part of VHRC's "investigative file," every reasonable official would understand it could not be released to Seven Days. If it is not part of VHRC's investigative file, Mr. Christie and Ms. Yang still lacked affirmative authority to release it, however, there may be no clearly established right to its nondisclosure. Accordingly, the court cannot decide as a matter of law whether Mr. Christie and Ms. Yang are entitled to qualified immunity on Plaintiffs § 1983 claims insofar as those claims pertain to the release of the Investigative Report.

Doc. 66, p.29.

The district courts in this Circuit are not in agreement on certification of a frivolous appeal in a dual jurisdiction setting. The Southern District, for example, utilizes this approach to allow the case to continue at the trial level while the appeal is pending on an immunity question. The Court reasoned that the courts have the supervisory powers to minimize abusive practices:

> As a general rule, "the filing of a notice of appeal . . . 'divests the district court of its control over those aspects of the case involved in the appeal.'" Noting that although "successive pretrial assertions of immunity seem to be a rare occurrence," the Supreme Court has recognized that "[u]ndeniably, the availability of a second appeal affords an opportunity for abuse." Accordingly, the Supreme Court contemplated that "'[i]t is well within the supervisory powers of the courts of appeals to establish summary procedures and calendars to weed out frivolous claims'" – such as the practice of a "[d]istrict [c]ourt appropriately certify[ing] petitioner's immunity appeal as 'frivolous' . . . [which] enables the district court to retain jurisdiction pending summary disposition of the appeal and thereby minimizes disruption of the ongoing proceedings."

> This practice, sometimes referred to as "dual jurisdiction," has been endorsed by all circuits that have considered it. For example, in *Apostol v. Gallion*, Seventh Circuit Judge Frank Easterbrook observed that during frivolous qualified immunity appeals, "memories fade, attorneys' meters

2

> tick, judges' schedules become chaotic (to the detriment of litigants in other cases) [,and p]laintiffs' entitlements may be lost or undermined." Nevertheless, "[d]efendants may seek to stall because they gain from delay at plaintiffs' expense, an incentive yielding unjustified appeals." Thus, analogizing to the double jeopardy context, he found that "[i]f the [interlocutory] claim of immunity is a sham, . . . the notice of appeal does not transfer jurisdiction to the court of appeals, and so does not stop the district court in its tracks."
>
> Although the Second Circuit has not specifically addressed dual jurisdiction over frivolous qualified immunity claims, district courts across this Circuit also have endorsed this approach. In so doing in *City of New York v. Beretta U.S.A. Corporation*, District Judge Jack Weinstein wrote that: "[a] defendant raising a meritless claim of a right not to stand trial cannot be permitted to significantly delay and disrupt the course of the litigation, imperiling both the rights of the plaintiff and the interest in judicial economy. . . ."

*Betances v. Fischer,* 140 F. Supp. 3d 294, 301-02 (S.D.N.Y. 2015).

The Western District of New York, however, cited lack of a controlling decision by the Second Circuit to decline certification while acknowledging there is no appellate jurisdiction to review a denial of qualified immunity based on a factual dispute:

> In general, "[t]he filing of a notice of appeal . . . divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982). But under the dual jurisdiction rule, a district court may certify as "frivolous" an appeal from a denial of qualified immunity if the denial was based on a factual dispute. *See Betances v. Fischer*, 140 F. Supp. 3d 294, 301-02 (S.D.N.Y. 2015). The district court then "retain[s] jurisdiction pending summary disposition of the appeal." Id. (quoting *Behrens v. Pelletier*, 516 U.S. 299, 310-11, 116 S. Ct. 834, 133 L. Ed. 2d 773 (1996)).
>
> Several circuits have embraced the dual jurisdiction rule, *see, e.g., Rivera-Torres v. Ortiz Velez*, 341 F.3d 86, 95-96 (1st Cir. 2003); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *Yates v. City of Cleveland*, 941 F.2d 444, 448-49 (6th Cir. 1991); *Stewart v. Donges*, 915 F.2d 572, 576-77 (10th Cir. 1990); *Apostol v. Gallion*, 870 F.2d 1335, 1339-40 (7th Cir. 1989), as have a few district courts in this Circuit, *see, e.g., Bean v. City of*

> *Buffalo*, 822 F. Supp. 1016, 1019 (W.D.N.Y. 1993). The Second Circuit has held that "an appellate court lacks jurisdiction to review a denial of qualified immunity by a district court based on the existence of . . . a factual dispute," *Franco v. Gunsalus*, 972 F.3d 170, 174 (2d Cir. 2020), but it has never approved the dual jurisdiction rule, *see Betances*, 140 F. Supp. 3d at 302 ("[T]he Second Circuit has not specifically addressed dual jurisdiction over frivolous qualified immunity claims."); *Gray v. Fid. Inv.*, 2022 U.S. Dist. LEXIS 85557, 2022 WL 1503925, at *2 (N.D.N.Y. May 11, 2022) (noting that the Second Circuit "has not yet bestowed its blessing" on the dual jurisdiction rule).
>
> Kistner argues that because this Court found that the defendants' qualified immunity defense hinges on questions of fact, it should certify the defendants' appeal as frivolous. Docket Item 145-1 at 2 (citing Docket Item 141 at 21). But because the Second Circuit has not endorsed the dual jurisdiction rule, this Court declines to do so. While the Court understands Kistner's eagerness to proceed to trial, it remains bound by the general rule that an appeal "divests the district court of its control over those aspects of the case involved in the appeal," *see Griggs,* 459 U.S. at 58, and leaves the question of appellate jurisdiction to the Second Circuit.

*Kistner v. City of Buffalo*, No. 18-CV-402-LJV-JJM, 2023 U.S. Dist. LEXIS 606, at *11-12 (W.D.N.Y. Jan. 3, 2023). *But see Funk v. Belneftekhim*, 2015 U.S. Dist. LEXIS 197882, at *2-3, (E.D.N.Y. Aug. 21, 2015):

> Plaintiffs are entitled to a fair opportunity to define the factual issues surrounding immunity and the Court needs a fuller factual picture before it can determine this issue. . . . Relatedly, because the Court has not conclusively determined the issue of sovereign immunity, defendants have not properly invoked appellate jurisdiction. As the Court stated in the July 9, 2015 Order finding defendants' interlocutory appeal to be frivolous, neither the July 9, 2015 Order nor the August 13, 2015 Decision and Order is a collateral order that is properly the subject of interlocutory review. (Citation). These Orders did not conclusively determine the issue of sovereign immunity – they are orders that required production of jurisdictional discovery so that the Court could make such a determination. By definition, these are non-final and non-collateral orders. Id. Thus, under the "dual jurisdiction rule," (citation), once the Court certified that defendants' appeal of the July 9, 2015 Order was frivolous, it was not divested of jurisdiction to proceed with the case or to enforce that Order.

*See also NAACP v. Merrill*, No. 3:18cv1094 (WWE), 2019 U.S. Dist. LEXIS 174992, at *3, 2019 WL 4917539 (D. Conn. May 8, 2019)("Defendants have filed an interlocutory appeal of this ruling pursuant to the collateral order doctrine. They have requested that the Court stay the action pursuant to the dual jurisdiction rule providing that an interlocutory appeal on immunity grounds 'divests the district court of jurisdiction to proceed....unless the district court certifies that the appeal is frivolous.' (Citation))."

Plaintiff is not aware of a published decision in this district on the dual jurisdiction rule, and certification of an appeal such as here as frivolous. The decisions of district courts in the Southern and Eastern districts of New York and district of Connecticut are more persuasive because the appeal taken by defendants Christie and Yang is frivolous and abusive, particularly as they themselves interjected factual features to the question of qualified immunity. The Second Circuit has not taken any action to discourage these districts.

Plaintiff had urged and continues to urge that the defendants breached confidentiality as a matter of law, but he is proceeding with discovery to meet the Court's factual inquiry for qualified immunity. Plaintiff will be harmed by further delay given the negative impact of the passage of time on the availability of evidence and his ability to bring this matter to a conclusion.

For these reasons, plaintiff requests that this Court side with the districts in this Circuit that have certified immunity appeals frivolous under the dual jurisdiction rule when there are threshold factual questions that require discovery. Therefore this motion should be granted.

Cleary Shahi & Aicher
110 Merchants Row
Post Office Box 6740
Rutland, VT 05702-6740

(802) 775-8800

Dated this 18th day of April, 2023.

          Respectfully Submitted,

          */s/ Kaveh S. Shahi*
          Kaveh S. Shahi, Esq.
          Cleary Shahi & Aicher, P.C.
          110 Merchants Row, Ste. 3
          Rutland, Vermont 05701
          (802) 775-8800
          kss@clearyshahi.com
          ATTORNEYS FOR PLAINTIFF