UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| ANDREW LEISE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:22-cv-00009 |
| ) | |
| VERMONT HUMAN RIGHTS ) | |
| COMMISSION, KEVIN CHRISTIE, BOR ) | |
| YANG, DA CAPO PUBLISHING, INC., and ) | |
| JOHN AND JANE DOE I-X, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ORDER DENYING WITHOUT PREJUDICE
DA CAPO PUBLISHING'S MOTION FOR RULE 54(b) JUDGMENT AND
GRANTING VERMONT HUMAN RIGHTS COMMISSION'S
MOTION FOR RULE 54(b) JUDGMENT**
(Docs. 69, 72)

Pending before the court are motions for final judgment filed by Defendants Da Capo Publishing, Inc. ("Seven Days") and the Vermont Human Rights Commission ("VHRC") on April 10, 2023 and April 13, 2023, respectively. (Docs. 69, 72.) Plaintiff Andrew Leise ("Plaintiff") opposed both motions on April 17, 2023. (Doc. 75, 76.) Seven Days replied on April 26, 2023 (Doc. 81), and VHRC replied on May 1, 2023. (Doc. 83.)

Plaintiff is represented by Kaveh S. Shahi, Esq. VHRC is represented by Justin G. Sherman, Esq., and Lisa B. Shelkrot, Esq. Seven Days is represented by Matthew B. Byrne, Esq.

**I.   Conclusions of Law and Analysis.**

Following the court's March 24, 2023 Opinion and Order dismissing all claims against Seven Days and VHRC (Doc. 66), those parties move the court to enter partial final judgment in their favor pursuant to Fed. R. Civ. P. 54(b). Under Rule 54(b), a district court may certify a partial final judgment where: "(1) there are multiple claims or

parties; (2) at least one claim or the rights and liabilities of at least one party has been determined; and (3) there is 'an express determination that there is no just reason for delay.'" *Transp. Workers Union of Am., Loc. 100, AFL-CIO v. N.Y.C. Transit Auth.*, 505 F.3d 226, 230 (2d Cir. 2007) (quoting Fed. R. Civ. P. 54(b)).

"[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments in a setting such as this, a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). A court should also "consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*

Even where the adjudicated and remaining claims may be decided separately, a partial entry of final judgment "should be used only in the infrequent harsh case," and only if there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal[.]" *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 41 (2d Cir. 2003) (internal quotation marks omitted) (quoting *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980)). A danger of hardship exists "where a plaintiff might be prejudiced by a delay in recovering a monetary award, or where an expensive and duplicative trial could be avoided if, without delaying prosecution of the surviving claims, a dismissed claim were reversed in time to be tried with the other claims[.]" *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997) (internal quotation marks and citations omitted).

"The matter of whether to direct the entry of a partial final judgment in advance of the final adjudication of all of the claims in the suit must [also] be considered in light of the goal of judicial economy as served by the 'historic federal policy against piecemeal appeals.'" *O'Bert*, 331 F.3d at 40–41 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8). "Respect for that policy requires that the court's power . . . be exercised sparingly[,]" bearing in mind "that '[n]ot all' dismissals of 'individual claims should be immediately

appealable, even if they are in some sense separable from the remaining unresolved claims.'" *Id.* at 41 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8). "Within this framework, the determination of whether to grant Rule 54(b) certification is committed to the discretion of the district court and will be set aside only for an abuse of discretion." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991).

In this case, Plaintiff asserted three 42 U.S.C. § 1983 claims and three state law tort claims against Seven Days, VHRC, and two individual defendants in their official and individual capacities, Kevin Christie and Bor Yang. Plaintiff's Second Amended Complaint contains additional allegations against Mr. Christie and Ms. Yang, but does not modify his allegations against Seven Days or VHRC. This action thus involves multiple claims and multiple parties; however, all of the claims arise out of the same discrete set of facts.

Following the court's dismissal of all claims against Seven Days on Fed. R. Civ. P. 12(b)(6) grounds and all claims against VHRC on sovereign immunity grounds, the rights and liabilities of those parties, but not others, have been decided at the trial level. Under Rule 54(b), the question is therefore whether there is any just reason to delay an appeal of the court's dismissal of Seven Days and VHRC.

### A. Whether VHRC Is Entitled to Partial Final Judgment.

Plaintiff's claims all arise from VHRC's allegedly wrongful release of an investigative report to Seven Days, which published the report. Plaintiff's claims against Seven Days and VHRC are not factually separate from his remaining § 1983 claim and tort claims against Mr. Christie and Ms. Yang. *See Read v. Corning Inc.*, 371 F. Supp. 3d 87, 93 (W.D.N.Y. 2019) ("Claims are generally treated as separable within the meaning of Rule 54(b) if they involve at least some different questions of fact and law and could be separately enforced[.]") (internal quotation marks omitted); *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 418 (2d Cir. 1989) ("When the certified claims are based upon factual and legal questions that are distinct from those questions remaining before the trial court the certified claims may be considered separate claims

under Rule 54(b)."). This weighs against entry of partial final judgment in Seven Days' or VRHC's favor.

Because the court dismissed the claims against VHRC on sovereign immunity grounds, however, the issue presented by an appeal of that decision is legally separable from the substantive legal issues presented by an appeal filed after Plaintiff's claims are decided on the merits. There are also "countervailing equities that would justify partial judgment notwithstanding the relatedness of the claims at issue." *Horn v. Med. Marijuana, Inc.*, 2019 WL 4871499, at *2 (W.D.N.Y. Oct. 3, 2019). Mr. Christie and Ms. Yang have sought interlocutory appeal of the court's denial of qualified immunity for the § 1983 claims against them. Entering partial final judgment in VHRC's favor would promote judicial efficiency by allowing the Second Circuit to consolidate any potential appeal of the court's sovereign immunity decision regarding VHRC with the pending interlocutory appeal by Mr. Christie and Ms. Yang. Resolving the immunity question, in turn, would prevent potentially "expensive and duplicative" proceedings at a later date and allow Plaintiff's claims against related parties to be tried together, rather than permitting the sovereign immunity issue to be appealed only after the resolution of the same claims against other defendants, including Seven Days, which has no apparent relationship with the other defendants outside of this case. *See Advanced Magnetics, Inc.*, 106 F.3d at 17 (observing that judicial efficiency is better served when "only one jury, rather than two, will be required to become familiar with . . . the events surrounding the [case]").

The goals of "limit[ing] piecemeal litigation" and "maximiz[ing] judicial efficiency" support the court's conclusion that there is no just reason for delay. *Cuoco v. Mortisugu*, 222 F.3d 99, 110 (2d Cir. 2000). The court therefore GRANTS VHRC's motion to enter partial final judgment in its favor pursuant to Rule 54(b).

B. **Whether Seven Days Is Entitled to Partial Final Judgment.**

Seven Days argues that if the court enters partial final judgment in VHRC's favor, in light of *Cuoco v. Mortisugu*, it should do so in its favor as well. In *Cuoco*, the Second Circuit held:

4

> [T]his case presents the unusual situation in which the entire case is before us via the Defendants–Appellants' interlocutory appeal. The reason we require a district court to justify entry of a partial judgment is in order to limit piecemeal litigation and maximize judicial efficiency. Under the present circumstances, however, where we can resolve the case in its entirety in this single appeal, those goals militate in favor of relaxing our interpretation of the district court's discretion under Rule 54(b). Otherwise, we would be sending the cross-appeal back to the district court to await a final judgment as to the claims against the Defendants–Appellants, a final judgment that we are today directing be entered on their behalf. We therefore assert jurisdiction over the cross-appeal.

222 F.3d at 110 (footnote omitted). The Second Circuit explained that a Rule 54(b) judgment was appropriate in *Cuoco* because "the case was an unusual one in which there was properly before us an interlocutory appeal presenting a substantive issue that was dispositive of both the interlocutory appeal and the dismissed claims." *O'Bert*, 331 F.3d at 41-42 (citing *Cuoco*, 222 F.3d at 110). "The limited exception made by *Cuoco* is applicable only where the dispositive issues are brought before this Court by the permissible interlocutory appeal itself, not where issues as to dismissed claims would come before us only by reason of the district court's entry of a Rule 54(b) judgment." *Id.* at 43.

Unlike in *Cuoco*, the substantive issue in the pending interlocutory appeal is whether Mr. Christie and Ms. Yang are entitled to qualified immunity. This issue has no legal relationship to the dismissal of the § 1983, defamation, and tort claims against Seven Days on entirely different grounds. Entering partial final judgment in favor of Seven Days may open the door to "piecemeal review" of the same or similar factual and legal issues in successive appeals. *Cuoco*, 222 F.3d at 110; *see also Harriscom Svenska AB*, 947 F.2d at 629 ("In general, a Rule 54(b) certification of the dismissal of fewer than all the claims in an action should not be granted if the same or closely related issues remain to be litigated.") (internal quotation marks omitted).

Although Seven Days contends that the equities favor entry of a Rule 54(b) judgment in its favor because refusal to do so will cause it to "incur monitoring costs" related to tracking the case's progress and leave it with a "nagging sense of uncertainty"

(Doc. 69 at 4), these concerns are present in every case where some defendants but not others are dismissed at the pleading stage. "[T]he simple fact that part of the case is immediately appealable is not a sufficient reason to enter a Rule 54(b) judgment as to another part." *O'Bert*, 331 F.3d at 43. The availability of interlocutory appellate review of the qualified immunity issue does not justify the entry of Rule 54(b) judgment in favor of Seven Days.

Seven Days has not clearly "articulated any unusual hardship or injustice that it, or any other party, would endure if required to await, in accordance with normal federal practice, the disposition of the entire case before obtaining a final judgment." *Timperio v. Bronx-Lebanon Hosp. Ctr.*, 2020 WL 9211177, at *3 (S.D.N.Y. Mar. 9, 2020) (alterations adopted) (internal quotation marks omitted); *see also Crespo v. Carvajal*, 2021 WL 4237002, at *6 (E.D.N.Y. Sept. 14, 2021) (finding "certain Plaintiffs' advanced age, illness, or the protracted nature of the litigation, . . . [did not] warrant Rule 54(b) certification as the delay caused by having to wait to appeal until after final judgment is entered is inherent in every denial of Rule 54(b) certification"). There is no chilling of its First Amendment rights when the claims against it have been dismissed.

Because there are just reasons to delay an appeal by Seven Days and no just reasons to expedite it, Seven Days' motion to enter Rule 54(b) judgment in its favor is DENIED WITHOUT PREJUDICE.

## CONCLUSION

For the foregoing reasons, the court GRANTS VHRC's motion to enter final judgment in its favor pursuant to Rule 54(b) and DENIES WITHOUT PREJUDICE Seven Days' Rule 54(b) motion for final partial judgment. The District Court Clerk is directed to enter a partial final judgment in favor of Defendant Vermont Human Rights Commission.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this __10th__ day of August, 2023.

Christina Reiss, District Judge
United States District Court