U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2026 APR 24   AM 11: 30

CLERK

BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

ANDREW LEISE,                          )
                                       )
        Plaintiff,                     )
                                       )
            v.                         )        Case No. 2:22-cv-00009
                                       )
VERMONT HUMAN RIGHTS                   )
COMMISSION, KEVIN CHRISTIE, BOR        )
YANG, DA CAPO PUBLISHING, INC., and    )
JOHN AND JANE DOE I-X,                 )
                                       )
        Defendants.                    )

**ENTRY ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A
THIRD AMENDED COMPLAINT, GRANTING DEFENDANTS' MOTION FOR
JUDGMENT ON COUNTS I THROUGH III, AND GRANTING DEFENDANTS'
MOTION TO DISMISS STATE LAW TORT CLAIMS FOR LACK OF
JURISDICTION**
(Docs. 128, 129, 131)

Pending before the court are three motions. On October 13, 2025, Defendants
Kevin Christie, Chairman of Vermont Human Rights Commission ("VHRC"), and Bor
Yang, former Executive Director of VHRC, (collectively, "VHRC Defendants") filed a
motion for final judgment on Counts I through III and a motion to dismiss state law tort
claims for lack of jurisdiction. (Doc. 128, 129.) Plaintiff Andrew Leise opposed the
motion for final judgment on November 10, 2025, (Doc. 130), and opposed the motion to
dismiss on November 12, 2025. (Doc. 132.) VHRC Defendants filed their replies on
December 5, 2025. (Docs. 136, 137). While VHRC Defendants' motions were pending,
Plaintiff moved for leave to file a Third Amended Complaint ("TAC") on November 10,
2025, (Doc. 131), which VHRC Defendants opposed as futile and in bad faith on
December 5, 2025. (Doc. 135.) Plaintiff filed his reply on January 9, 2026. (Doc. 141.)

Plaintiff is represented by Kaveh S. Shahi, Esq. VHRC Defendants are represented
by Lisa B. Shelkrot, Esq.

## I.    Procedural and Factual Background.

Plaintiff filed his initial Complaint on January 18, 2022, asserting six causes of action: (1) a procedural due process claim (liberty interest/stigma plus) under 42 U.S.C. § 1983 (Count I); (2) a procedural due process claim (property interest/constructive termination) under § 1983 (Count II); (3) a substantive due process claim for arbitrary and oppressive government action under § 1983 (Count III); (4) an invasion of privacy claim under Vermont law (Count IV); (5) a defamation claim under Vermont law (Count V); and (6) a tortious interference with contract claim under Vermont law (Count VI).

On March 24, 2023, the court dismissed all of Plaintiff's claims against VHRC Defendants except for his 42 U.S.C. § 1983 claims (Counts I, II, and III) and invasion of privacy and defamation claims (Counts IV and V) asserted against VHRC Defendants in their individual capacities, to the extent those claims relate to the allegedly wrongful release of a confidential investigative report ("Investigative Report") to the newspaper Seven Days, published by Da Capo Publishing, Inc. (Doc. 66.) The court also dismissed Da Capo Publishing, Inc., and VHRC from the case. It deferred ruling on whether VHRC Defendants were entitled to qualified immunity on the § 1983 claims until after the development of a factual record, a decision from which VHRC Defendants filed an interlocutory appeal.

Upon reconsideration on June 29, 2023, the court dismissed without prejudice Plaintiff's 42 U.S.C. § 1983 procedural due process liberty and property claims (Counts I and II) against VHRC Defendants in their individual capacities but did not dismiss Plaintiff's § 1983 substantive due process claim (Count III). (Doc. 90.) Pursuant to this ruling, VHRC Defendants' appeal was narrowed to the question of qualified immunity regarding Count III.

Plaintiff filed a Second Amended Complaint ("SAC") on October 19, 2023, (Doc. 106), asserting the same claims as his initial Complaint. On June 10, 2024, the court dismissed Plaintiff's procedural due process claims against VHRC Defendants (Counts I and II) and any reiteration of a dismissed claim. (Doc. 116.) The surviving claims included Plaintiff's substantive due process claim and invasion of privacy and defamation

2

claims against VHRC Defendants in their individual capacities and to the extent those claims relate to the allegedly wrongful release of the Investigative Report.

In a summary order issued October 7, 2025, the Second Circuit reversed the court's denial of federal qualified immunity as to the substantive due process claim against VHRC Defendants, dismissed VHRC Defendants' appeal of the denial of qualified immunity with respect to the invasion of privacy and defamation claims, and affirmed the dismissal of all claims against VHRC Defendants and VHRC in their official capacities. (Doc. 127.) The Second Circuit held that VHRC Defendants were entitled to federal qualified immunity because "it was reasonable for [VHRC Defendants] to have believed that releasing the Investigative Report was" permissible under state law. *Id.* at 11. Noting that Plaintiff "bases his substantive due process claim on the alleged violation of Vermont law," the Second Circuit concluded that Plaintiff "cannot show that [VHRC Defendants] violated a clearly established federal constitutional right." *Id.* at 11. It did "not address whether [the Investigative Report's] release, even if not contrary to state law, is a substantive due process violation or whether [Plaintiff] has plausibly alleged that [VHRC Defendants] in fact violated his constitutional rights." *Id.* at 10 n.5. The Second Circuit remanded "to the district court to consider, given the dismissal of all claims over which the district court has original jurisdiction, whether to exercise supplemental jurisdiction over the remaining state law claims[.]" *Id.* at 12.

## II.    Motion for Leave to Amend.

Under Federal Rule of Civil Procedure 15, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Second Circuit has held a "district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

Plaintiff's proposed TAC names VHRC Defendants in their official and individual capacities, as well as VHRC and Da Capo Publishing, Inc. Counts I, II, and IV through VI are the same as pled in Plaintiff's SAC. With respect to Plaintiff's substantive due process claim (Count III), the proposed TAC adds the facts and holding of *Velez v. Levy*,

3

401 F.3d 75 (2d Cir. 2005) and alleges that VHRC Defendants "engaged in an outrageous and egregious scheme to release the Investigative Report to a reporter to generate publicity that was politically damaging to . . . [P]laintiff[]" for "political gain and career enhancement [and] with the intent to oppress and harm." (Doc. 131-1 at 73, ¶ 164, 166.)

Under the law of the case, amendments to pleadings must propose a new ground for liability rather than merely reassert claims that have been dismissed. *See Perkins v. Perez*, 2020 WL 248686, at *4 (S.D.N.Y. Jan. 16, 2020) (alterations adopted) ("Where an amended complaint 'is in large part identical to a plaintiff's first complaint, the law of the case doctrine counsels against reconsideration of' a court's earlier dismissal.") (quoting *Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 316 (S.D.N.Y. 2015), *aff'd*, 626 F. App'x 20 (2d Cir. 2015)); *Barkai v. Neuendorf*, 2024 WL 710315, at *6 (S.D.N.Y. Feb. 21, 2024) ("The mere filing of an amended complaint, repleading [the same] claims, does not entitle [p]laintiff to relitigate them absent 'extraordinary circumstances[.]'[]") (citing *Weslowski*, 96 F. Supp. 3d at 315-16).

As determined by this court and affirmed by the Second Circuit, VHRC is entitled to sovereign immunity, as are VHRC Defendants in their official capacities. This court also previously dismissed Da Capo Publishing, Inc., from the action in response to Plaintiff's failure to state a claim against it. Plaintiff's proposed TAC provides no new factual allegations to disturb those previous conclusions. Because of the law of the case, any claim that is a reiteration of a dismissed claim is futile, and leave to reallege it is DENIED.

VHRC Defendants contend that Plaintiff's substantive due process claim in the proposed TAC fails "to cure the deficiencies that have been identified." (Doc. 135 at 4.) The Second Circuit held that VHRC Defendants were entitled to qualified immunity on Plaintiff's substantive due process claim because any right was not clearly established and it dismissed that claim. Although Plaintiff contends the Second Circuit "did not address the substantive due process claim for a cause of action pled without entanglement with the violation of the [state law,]" (Doc. 141 at 1), the Second Circuit directed the

4

"dismissal of all claims over which the district court ha[d] original jurisdiction[.]" (Doc. 127 at 12.)

Assuming *arguendo* that Plaintiff's proposed TAC plausibly alleges a new substantive due process claim, Plaintiff's motion must still be denied as untimely. In general, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (internal quotation marks and citation omitted).

> A litigant may be "prejudiced" within the meaning of the rule if the new claim would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction."

*Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (quoting *Block*, 988 F.2d at 350).

In this case, Plaintiff could have framed his claims differently or in the alternative when he initially filed his claims on January 18, 2022. Plaintiff could have also done so when leave to amend was granted on October 17, 2023. Affording Plaintiff the opportunity to amend his complaint again would significantly delay the resolution of the dispute by requiring Defendants to refile and rebrief another motion to dismiss and defend against already protracted litigation without a material change in the facts or the controlling law. Against this backdrop, granting leave to amend would result in undue and prejudicial delay. Plaintiff's motion for leave to amend is therefore DENIED.

## III.    Motion for Judgment on Counts I Through III.

VHRC Defendants move for judgment in their favor on Counts I through III. This court dismissed Plaintiff's procedural due process liberty and property claims against VHRC Defendants in their individual capacities, Counts I and II. The Second Circuit found that VHRC Defendants were entitled to qualified immunity with respect to Plaintiff's substantive due process claim, Count III. Entering judgment in VHRC Defendants' favor on Counts I through III promotes judicial efficiency by resolving the federal questions present in this action and allows this court to appropriately consider whether it should exercise supplemental jurisdiction over the remaining state law tort

claims. Defendants' motion for judgment in their favor on Counts I through III is therefore GRANTED.

## IV.     Motion to Dismiss State Law Tort Claims for Lack of Jurisdiction.

Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which provides that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).

"Courts must determine whether to continue to exercise supplemental jurisdiction 'at every stage of the litigation.'" *Chenensky v. N.Y. Life Ins. Co.*, 942 F. Supp. 2d 388, 391 (S.D.N.Y. 2013) (quoting *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 445 (2d Cir. 1998)). "Of particular relevance here, a district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)). "Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional 'values of judicial economy, convenience, fairness, and comity[]' in deciding whether to exercise jurisdiction." *Id.* (internal citation omitted). "In weighing these factors, the district court is aided by the Supreme Court's additional guidance in *Cohill* that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* (alteration adopted) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

The claims over which this court had original subject matter jurisdiction have all been dismissed. The state law claims do not raise issues of federal statutory or common law but, rather, issues under Vermont law against Vermont state employees asserting state qualified immunity. Judicial economy will not be advanced if those claims are retained and resolved by this court, predicting how Vermont's highest court would address them. Comity also favors a state court addressing state-law claims.

"[I]n the usual case" when "all federal-law claims are eliminated before trial," *Kolari*, 455 F.3d at 122 (internal quotation marks omitted), dismissal is favored. Balancing the relevant factors, that outcome is warranted here. Defendants' motion to dismiss the remaining state law tort claims for lack of jurisdiction is therefore GRANTED.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file a third amended complaint is DENIED, (Doc. 131), Defendants' motion for judgment is GRANTED, (Doc. 128), and Defendants' motion to dismiss the state law tort claims for lack of jurisdiction is GRANTED. (Doc. 129.)

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 29th day of April, 2026.

Christina Reiss, Chief Judge
United States District Court